UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.:

BRENDA HERNANDEZ and
LUIS LUQUE,

    Plaintiff,

vs.

SAM'S EAST, INC.

    Defendant.
_____/

## DEFENDANT, SAM'S EAST, INC., NOTICE OF REMOVAL

Defendant, Sam's East, Inc., ("Sam's East"), by and through its undersigned counsel and pursuant 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-20-010105, with full reservation of rights, exceptions and defenses, and in support thereof state:

## FACTUAL BACKGROUND

1.    On June 19, 2020, Plaintiffs commenced this action by filing a complaint for negligence against Wal-Mart, Inc.,[1] in the 17th Judicial Circuit Court in and for Broward County,

---

[1] Plaintiffs' initial Complaint identified the Defendant as Wal-Mart, Inc. Defense counsel advised Plaintiff's counsel that the incorrect corporate Defendant was identified in the initial Complaint, and thus, the Complaint needed to be Amended in order to identify the proper corporate Defendant, Wal-Mart Stores East, L.P. On July 20, 2020, the Plaintiffs filed their Amended Complaint listing the proper corporate Defendant, Wal-Mart Stores East, L.P. *See* Amended Complaint attached as Ex. "B." However, the Amended Complaint contained what appeared to be a scrivener's error as the name of the Plaintiff was incorrect. Therefore, undersigned advised Plaintiffs' counsel of the error, and requested that it be corrected prior to filing a response to Plaintiffs' initial pleading. Plaintiffs' counsel agreed, and withdrew the incorrect Amended Complaint on July 21, 2020. *See* Notice of Withdrawal attached as Ex. "C."

Florida, in which they allege that, Plaintiff, Brenda Hernandez, (hereinafter "Brenda Hernandez") was injured when she slipped and fell on a liquid substance located on the floor of the Wal-Mart store located in Miramar, Florida on August 1, 2019. *See* Pl.'s Initial Complaint attached as Ex. "A" at ¶ 5,7.

2. Plaintiff, Luis Lique, filed a derivative claim for loss of consortium related to his wife, Brenda Hernandez's, negligence claim against. *Id.* at ¶ 13.

3. Plaintiffs allege that Sam's East breached a duty owed to the Brenda Hernandez by, *inter alia*, failing to maintain the store in a reasonably safe condition, failing to inspect its premises, failing to warn of potential hazards, and failing to correct unreasonably dangerous conditions. *See* Ex. "D" at ¶ 8-11.

4. Plaintiffs further alleges that as a result of Brenda Hernandez's incident at Wal-Mart she suffered bodily injury, mental anguish, medical expenses, and permanent and continuing losses. *Id.* at ¶ 13.

5. The Plaintiffs allege that at the time of the incident they were both residents of Broward County, which is the county where the incident occurred. *See* Ex. "D" at ¶ 2. It is well-established that residency is *prima facie* evidence of domicile, which is equivalent to residency for purposes of diversity of citizenship.

6. The initial Complaint was served on July 16, 2020. *See* Service of Process attached as Ex. "F."

---

On July 21, 2020, the Plaintiffs filed the current Amended Complaint which identifies the Defendant as Sam's East, Inc. *See* Amended Complaint attached as Ex. "D." Undersigned advised Plaintiffs' counsel that the July 21, 2020 Amended Complaint incorrectly lists the wrong corporate Defendant, and requested that Plaintiffs correct their Amended Complaint to list the proper corporate Defendant, Wal-Mart Stores East, L.P. Accordingly, undersigned filed a Motion for Extension of Time to file its response to Plaintiff's Complaint until such time as Plaintiffs filed a complaint that listed/name the proper corporate Defendant and Plaintiffs. *See* Motion attached as Ex. "E." Plaintiffs have not yet filed its Amended Complaint listing the correct corporate Defendant as Wal-Mart Stores East, L.P.

7. On February 13, 2020, Brenda Hernandez sent Wal-Mart a pre-suit demand letter in which she enclosed past medical bills pertaining to the medical treatment she received as a result of her incident at Wal-Mart, which totaled **$347,082.51**.[2] *See* Pre-suit Demand Letter attached as Ex. "G."

8. Moreover, the ***Plaintiff demanded $750,000.00 to settle the matter***. *Id.*

9. This action is removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

10. Sam's East attaches hereto and incorporates into this Notice a copy of the process, pleadings, and other papers filed in the 17th Judicial Circuit Court in and for Broward County, Florida, Case No. CACE-20-010105, together with a docket sheet from the Clerk of Court. *See* The state court filings are attached as Composite Ex. "H"

11. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## **REMOVAL IS TIMELY**

12. In accordance with 28 U.S.C. § 1446(b)(1), Sam's East files this Notice of Removal within thirty (30) days of the date that it received a copy of Plaintiffs' initial Complaint. Plaintiff's initial Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based.

13. The thirty (30) day period commenced on July 16, 2020, when Plaintiffs served their initial Complaint. *See* Ex. "F."

---

[2] Wal-Mart has not filed the entire complement of medical records which Brenda Hernandez submitted with her pre-suit demand letter in order to protect her personal information contained within her medical records. Should the Court wish to see these documents, they can be provided at the Court's request and under its direction.

3

14. Venue exists in the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, because the 17th Judicial Circuit Court in and for Broward County, where Plaintiffs filed their state court Complaint is located in Broward County, which is located within the United States District Court for the Southern District of Florida, Ft. Lauderdale Division.

## DIVERSITY OF CITIZENSHIP

15. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

### A. Citizenship of Sam's East, Inc.

16. Sam's East was at the time of the alleged incident, and is currently, an Arkansas corporation and maintains its principal place of business in Bentonville, Arkansas. At no time material has Sam's East been a citizen of Florida. *See* SunBiz Report for Sam's East attached as Ex. "I."

### B. Citizenship of Wal-Mart Stores East, LP.

17. When Plaintiffs amend their Complaint to list the proper Defendant to reflect Wal-Mart Stores East, L.P., *it will not destroy diversity between the parties*.

18. At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership which currently is, and was at the time of the incident, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE

Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc., at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name for Wal-Mart Stores East, L.P., attached as Composite Ex. "J."

### C. Citizenship of Plaintiffs

19. Plaintiffs, Brenda Hernandez and Luis Lique, allege that at the time of the incident they were both residents of Broward County, which is the county where the incident occurred. *See* Ex. "D" at ¶ 2. Although Plaintiffs' Amended Complaint does not specifically state Plaintiffs' citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

20. Here, Plaintiffs' allegation that they are both residents of Broward County, Florida at the time of the incident is prima facie evidence of their domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

## AMOUNT IN CONTROVERSY

21. The amount in controversy exceeds $75,000.00. Although Plaintiffs' Amended Complaint does not specify an amount in controversy other than to allege that this lawsuit exceeds the jurisdictional minimum for Florida State Circuit Civil Court,[3] it is clear from the pre-suit demand and the past medical bills that the claimed damages in this case exceed the jurisdictional minimum in this Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.*, 2009 WL 1532129, *5 (S.D. Fla. June 1, 2009) (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010)  (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

22. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

23. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir.

---

[3] The jurisdictional minimum is $30,000.00.

2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

24. The relevant portions of the specifically detailed pre-suit demand conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, the pre-suit demand letter enclosing Brenda Hernandez's past medical bills as of January 13, 2020 revealed that her ***past medical bills totaled $347,082.51***, and ***the pre-suit demand letter estimates damages in the instant matter to be at least $750,000.00*** as she offered to settle this claim for that amount. *See* Ex. "G." In addition to Plaintiffs' past medical bills incurred, the Plaintiffs' Amended Complaint alleges damages for mental anguish, and loss of capacity for the enjoyment of life, and loss of consortium claim. *See* Ex. "D." at ¶ 12, 15.

25. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

26. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's August 21, 2018 pre-suit demand letter in this case, it was based on medical records provided by the plaintiff. *Id.*

27. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla.

2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

28. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson V. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint were sufficient to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.* [4]

*29.* Here, the pre-suit demand letter which reveals that Brenda Hernandez's past medical expenses total ***$347,082.51***, is an honest assessment of her claimed damages as it is based on her past medical bill, as well as her alleged injuries and future medical care expenses. *See Katz,* 2009 WL 1532129 at 4.

30. Like *Stramiello* and *Wilson,* the pre-suit demand letter includes medical expenses incurred by Brenda Hernandez which exceed $75,000.00, in addition to medical records which indicate that she will incur future medical expenses for medical care. *Wilson,* 2010 WL 3632794,

---

[4] The court also considered plaintiff's refusal to admit or deny that damages exceeded $75,000.00 as evidence regarding the amount in controversy.

at *4; *Stramiello,* 2010 WL 2136550, at *3. This evidence demonstrates the Plaintiffs' claimed damages in the instant case far exceed $75,000.00. Accordingly, Sam's East has shown by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiffs and Sam's East[5] are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Sam's East will promptly give written notice to Plaintiffs, through their attorneys of record, and the Clerk of the Circuit Court for the 1th Judicial Circuit Court in and for Broward County, Florida. Wal-Mart attaches the Civil Cover Sheet at Ex. "I."

**WHEREFORE**, Defendant, Sam's East, Inc., respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. CACE-20-010105, on the docket of the Court for the 17th Judicial Circuit Court in and for Broward County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Ft. Lauderdale Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: August 14, 2020**

**[Signature on following page]**

---

[5] When the Plaintiffs ultimately amend their complaint to identify the proper corporate Defendant, then Plaintiffs and the proper corporate Defendant, Wal-Mart Stores East, L.P., are also diverse. The amendment will not destroy diversity among the parties as discussed in detail above.

9

                Respectfully submitted,

                /s/ *Patricia Concepcion*
                Jerry D. Hamilton
                Florida Bar No.: 970700
                jhamilton@hamiltonmillerlaw.com
                Robert M. Oldershaw
                Florida Bar No.86071
                roldershaw@hamiltonmillerlaw.com
                Patricia Concepcion
                Florida Bar No. 109058
                pconcepcion@hamiltonmillerlaw.com
                HAMILTON, MILLER & BIRTHISEL, LLP
                150 Southeast Second Avenue, Suite 1200
                Miami, Florida 33131
                Telephone: (305) 379-3686
                *Attorneys for Defendant, Wal-Mart*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 14, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or *pro se* parties identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

                /s/ *Patricia Concepcion*
                Patricia Concepcion, Esq.

## **SERVICE LIST**

*Attorneys for Plaintiff*

Stuart B. Yanofsky, Esq.
Fla. Bar No. 841358
STEINGER, GREENE & FEINER
2727 W. Cypress Creek Rd.
Ft. Lauderdale, FL 33309
Email:sbyanofsky@InjuryLawyers.com
Telephone: 954-491-7701