**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 20-CV-61648-RAR**

**BRENDA HERNANDEZ**, and
**LUIS LUQUE**,

      Plaintiffs,

v.

**SAM'S EAST, INC.**,

      Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court on Defendant Sam's East, Inc.'s Motion for Summary Judgment [ECF No. 28] ("Motion"). The Court has considered the Motion, record, and is otherwise fully advised. For the reasons that follow, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion is **GRANTED**.

## FACTUAL BACKGROUND

This case involves a slip-and-fall accident at a Wal-Mart store in Miramar. The facts are relatively simple and largely uncontested. On August 1, 2019, Mrs. Hernandez slipped on a transitory liquid substance near the produce section of Defendant's store. Mrs. Hernandez did not see the substance on the floor before she slipped. She also does not know how the liquid got on the floor, the length of time it was on the floor, or whether any Wal-Mart employee knew of the liquid on the floor prior to the incident. Mrs. Hernandez did not know the source of the substance, but later speculated that it was an opaque gelatinous-like substance which may have originated "from a grape or something." *See* Hernandez Deposition [ECF No. 28-1] at 76:14-19, 80:5-11.

## PROCEDURAL HISTORY

On June 19, 2020, Plaintiffs initiated this action in the Seventeenth Judicial Circuit in and for Broward County, Florida. *See* Compl. [ECF No. 1-1]. The initial Complaint named the wrong corporate defendant and thus, on July 21, 2020, Plaintiffs filed an Amended Complaint naming Sam's East as the Defendant. *See* Am. Compl. [ECF No. 1-4]. The Amended Complaint asserts one count for negligence on behalf of Mrs. Hernandez and a derivative loss of consortium count on behalf of her husband—Luis Luque. *Id.* Plaintiffs seek compensatory damages, costs, and interest for the injuries Mrs. Hernandez suffered as a result of her fall. *Id.* On August 14, 2020, Defendant removed this action on diversity grounds pursuant to 28 U.S.C. § 1332. *See* Notice of Removal [ECF No. 1]. On January 29, 2021, Defendant filed the instant Motion. *See* [ECF No. 28]. Plaintiffs filed their Response in Opposition [ECF No. 39] on February 12th and Sam's East filed its Reply [ECF No. 45] in support of the Motion on February 19th.

## LEGAL STANDARD

Summary judgment is rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a), (c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). An issue of fact is "genuine" if the evidence could lead a reasonable jury to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). It is "material" if it might affect the outcome of the case under governing law. *See Anderson*, 477 U.S. at 248.

"Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016) (citation omitted), vacated on other grounds, 2016 WL 11503064, at *1 (11th Cir. May 31, 2016). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014) (per curiam). However, the non-moving party's presentation of a "mere existence of a scintilla of evidence" in support of its position is insufficient to overcome summary judgment. *Anderson*, 477 U.S. at 252. And a plaintiff's conclusory allegations will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (citation omitted).

## **ANALYSIS**

Sam's East seeks summary judgment on the basis that there is no evidence it had actual or constructive knowledge of the substance on the ground prior to Mrs. Hernandez's fall and therefore, there is no evidence it breached a duty.[1] Plaintiffs, on the other hand, argue that a genuine issue of material fact exists as to whether Sam's East had constructive knowledge of the dangerous condition, requiring the denial of summary judgment. Reviewing all facts and drawing all inferences in Plaintiffs' favor, the Court finds that, as a matter of law, Plaintiffs cannot prove Sam's East had actual or constructive notice.

---

[1] Sam's East also argues that summary judgment should be granted in its favor as to medical causation because Plaintiffs failed to properly file medical expert disclosures. *See* Mot. at 11-17. Because Plaintiffs fail to establish the requisite statutory element of constructive knowledge, the Court need not address the issue of causation or the sufficiency of Plaintiffs' medical expert disclosures.

### A. Premises Liability Standard

A court sitting in diversity must apply the substantive law of the state in which the case arose. *See Pendergast v. Sprint Nextel Corp.*, 592 F.3d 1119, 1132-33 (11th Cir. 2010). Thus, the Court looks to Florida negligence law. To prevail on a negligence claim, a plaintiff must prove that (1) the defendant had a legal duty to protect the plaintiff from particular injuries; (2) the defendant breached that duty; (3) the defendant's breach actually and proximately caused the plaintiff's injuries; and (4) the plaintiff suffered actual harm. *Zivojinovich v. Barner*, 525 F.3d 1059, 1067 (11th Cir. 2008).

In premises liability cases, a premises owner owes a business invitee, "a duty to exercise reasonable care to maintain [its] premises in a safe condition." *Encarnacion v. Lifemark Hosps. of Fla.*, 211 So. 3d 275, 278 (Fla. 3d DCA 2017). To demonstrate a breach of that duty in a case involving a transitory foreign substance, the Florida Legislature has mandated that the plaintiff prove the defendant had prior notice—actual or constructive—of the dangerous condition.[2] *Id.* Section 768.0755 of the Florida Statutes states, in relevant part, "[i]f a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). "Constructive knowledge may be proven by circumstantial evidence showing that [1] [t]he dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have

---

[2] It is undisputed that prior to Mrs. Hernandez's fall, no Wal-Mart employee had any knowledge of the substance on the floor. *See* [ECF Nos. 29, 44]. Thus, in opposing summary judgment, Plaintiffs do not rely on actual knowledge. *See* Resp. at 2-3. Rather, they argue that a genuine issue of material fact remains as to whether Sam's East had constructive knowledge of the dangerous condition. *Id.* at 4-9. Accordingly, the Court's analysis will focus solely on the issue of constructive notice.

known of the condition; or [2] [t]he condition occurred with regularity and was therefore foreseeable." *Id*. § 768.0755(1)(a)-(b).[3]

Section 768.0755(1) places the burden to prove constructive knowledge on a plaintiff. *Oliver v. Winn-Dixie Stores, Inc*., 291 So. 3d 126, 128 (Fla. 4th DCA 2020). To be clear, the plaintiff need not prove constructive knowledge at the summary judgment stage, but, if the defendant shows there are no disputed factual issues about its constructive knowledge, the burden shifts to the plaintiff to offer counter-evidence sufficient to reveal a genuine issue. *Id*. at 129.

**B. Sam's East Did Not Have Constructive Knowledge of the Dangerous Condition**

Sam's East argues that it is entitled to summary judgment because there is no evidence that it had constructive knowledge of the dangerous condition that resulted in Mrs. Hernandez's fall. Mot. at 3-10.

The mere presence of a foreign substance on the floor for a short period of time, without additional evidence demonstrating a defendant's constructive knowledge of the dangerous condition, is not enough to survive summary judgment. *Delgado v. Laundromax, Inc*., 65 So. 3d 1087, 1090 (Fla. 3d DCA 2011). In the Eleventh Circuit, constructive notice is established when the hazard exists for a sufficient period of time that a defendant should have eliminated the danger. *Plott v. NCL America, LLC*, 786 F. App'x 199, 201 (11th Cir. 2019) (finding sufficient period of time when crewmembers continuously monitored an area that had been wet for at least twenty to twenty-five minutes). "If a plaintiff does not identify evidence to suggest the length of time that a liquid was on the floor, there is no genuine dispute of material fact, and a defendant is entitled to

---

[3] In this case, Mrs. Hernandez cannot rely on foreseeability to establish constructive notice because there is no evidence that foreign substances are routinely on the floor of the aisles of the Miramar Wal-Mart. Indeed, Mrs. Hernandez and Mr. Luque both admitted that they have no knowledge of similar slip and fall incidents occurring at Defendant's store. *See* Hernandez Dep. at 78:25-79:2; *see also* Luque Dep. at 16:14-16.

summary judgment." *Espinoza v. Target Corp.*, No. 20-12485, 2021 WL 164507, at *3 (11th Cir. Jan. 19, 2021) (affirming district court's grant of summary judgment in a transitory substance case where jury could only speculate as to how long the puddle was on the floor) (citations omitted).

Florida courts have found that fifteen to twenty minutes is a sufficient amount of time to charge a premise's owner with constructive knowledge of a dangerous condition. *Compare Thomas v. NCL (Bahamas) Ltd.*, 203 F. Supp. 3d 1189, 1193 (S.D. Fla. 2016) (holding evidence that substance was on floor for 15 to 20 minutes was sufficient to establish material issue of fact on constructive notice); *with Pussinen v. Target Corp.*, 731 F. App'x 936, 938 (11th Cir. 2018) (affirming summary judgment in favor of defendant store where "a jury could not reasonably infer that the liquid was on the floor for more than fifteen minutes"). However, when the uncontested evidence demonstrates that the alleged dangerous condition exists for ten minutes or less, that amount of time has been deemed insufficient time for a defendant to be charged with constructive knowledge of the condition and given a reasonable time within which to correct it. *See Hill v. Ross Dress for Less, Inc.*, No. 12-23368, 2013 WL 6190435, at *5 (S.D. Fla. Nov. 26, 2013) ("Because the uncontested evidence is that [one of defendant's employees] walked through the area where [p]laintiff fell ten minutes before [p]laintiff fell, [p]laintiff has failed to meet her burden of establishing that the plastic was on the floor for a long enough period of time to charge [d]efendant with constructive notice of its presence on the floor.").

In this case, Sam's East has provided *direct evidence* that the substance Mrs. Hernandez slipped on could not have been on the floor for more than ten minutes. Here, as in *Hill*, Sam's East has presented evidence that its employee, Samuel Johnson, walked through and inspected the area where Mrs. Hernandez fell approximately ten minutes prior to her fall and did not observe any liquid, fruit, or other substances on the floor. *See* 2013 WL 6190435, at *1; *see also* Johnson

Decl. [ECF No. 28-5] ¶ 5.[4]  Additionally, Wal-Mart's closed circuit television footage confirms that Mr. Johnson walked directly in front of and past the area where Mrs. Hernandez fell at 5:48 PM.[5]  *See* CCTV Video [ECF Nos. 39-2, 56].  Mr. Johnson's testimony that he *inspected* the area is further corroborated by the surveillance video where he is seen, at 5:48:07 PM, bending down to pick up what appears to be a loose produce bag on the store floor.  *Id.*  Thus, the evidence demonstrates that the substance could not have been on the floor for more than ten minutes—an insufficient length of time to support any inference that Sam's East knew or should have known of the dangerous condition that led to Mrs. Hernandez's fall.

Once the Court finds that Sam's East has satisfied its initial burden to prove there are no genuine issues of material fact on the element of constructive notice, the burden shifts to Plaintiffs to "come forward with counterevidence sufficient to reveal a genuine issue."  *See Capotosto v. Fifth Third Bank*, 230 So. 3d 891, 892 (Fla. 4th DCA 2017) (citation omitted).  Here, Plaintiffs fail to do so.  Rather than present any reliable record evidence to meet their burden, Plaintiffs offer a series of unreliable assumptions and inferences.  First, Plaintiffs take issue with Mr. Johnson's declaration, arguing that he "merely states he did not 'observe' any substances on the floor, instead of affirmatively asserting that there was nothing on the floor."  Resp. at 8.  However, Mr. Johnson signed a declaration under oath and in that document, he alleged, under penalty of perjury, that he

---

[4] Plaintiffs seem to argue, without any explanation, that Johnson's "unsworn" declaration should be disregarded.  *See* Resp. at 7.  The Court surmises Plaintiffs' position is that Johnson's declaration is not properly verified pursuant to 28 U.S.C. § 1746 because it does not disclose whether it was executed inside or outside of the United States.  *See* Johnson Decl. [ECF No. 28-5].  However, these are insufficient grounds to disregard the declaration.  An unsworn declaration may be given the same force as an affidavit if it is signed and dated and includes language "in substantially" the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).  (Signature)."  28 U.S.C. § 1746.  Johnson's declaration conforms to these requirements.  *See* Johnson Decl. [ECF No. 28-5].  Accordingly, the Court properly considers it.

[5] The CCTV footage shows Mrs. Hernandez fell at 5:58 PM.  *See* CCTV Video [ECF Nos. 39-2, 56].

actively inspected the area and found no signs of any substance on the floor. The Court will not entertain such a semantic argument—particularly where it has no reason to question Mr. Johnson's credibility.

Second, Plaintiffs argue that Mr. Johnson could not have inspected the area where Mrs. Hernandez fell because in the surveillance video, Mr. Johnson's head does not appear to "turn" to face the area where she fell. Resp. at 8. But Plaintiffs' assertions are entirely speculative and cannot take precedence over Mr. Johnson's own declaration and the actual CCTV footage. The Court has reviewed the surveillance video and finds that it does not support Plaintiffs' argument that Mr. Johnson could not have done "any form of" inspection of the area where Mrs. Hernandez fell. *Id.* On the contrary—the video, coupled with Mr. Johnson's declaration, disproves Plaintiffs' assertion. The video initially shows Mr. Johnson pulling a large cart in the direction of the area where Mrs. Hernandez later fell.[6] As he walks in the direction of the area, he faces *away* from the surveillance camera and *towards* where the incident occurred. Once he approaches the area, he makes a right turn and then briefly stops to pick up a produce bag on the floor. He then turns left and is seen exiting the frame. The footage of Mr. Johnson picking up a plastic bag from the floor near where Mrs. Hernandez fell less than ten minutes later certainly corroborates his testimony that he reasonably inspected the floor where the incident occurred before her fall.

Where a video recording of an event obviously contradicts a party's version of the facts, the Court may accept the video's depiction instead of the party's. *See Pourmoghani-Esfahani v. Gee*, 625 F.3d 1313, 1315 (11th Cir. 2010) (citing *Scott v. Harris*, 550 U.S. 372, 380 (2007)) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the

---

[6] There is no question that Mr. Johnson had an unobstructed view of the floor because as he traversed the area in question the cart remained *behind* him since he was pulling it from the front.

record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *see also Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011). The Court finds that after reviewing the CCTV footage, in conjunction with Mr. Johnson's declaration, no reasonable jury could conclude that Mr. Johnson negligently failed to inspect the area where Mrs. Hernandez fell.[7]

Third, Plaintiffs argue that summary judgment must be denied because Mrs. Hernandez's testimony that she saw footprints and cart track marks near the area necessarily creates an inference of constructive notice under Florida law. Plaintiffs overstate Mrs. Hernandez's testimony and the law. It is true that evidence of footprints or track marks *in* a liquid *may* tend to show that a substance was on the floor for a duration of time sufficient to impute constructive knowledge. *Palavicini v. Wal-Mart Stores E., LP*, 787 F. App'x 1007, 1012 (11th Cir. 2019); *see also Berbridge v. Sam's E., Inc.*, 728 F. App'x 929, 930 (11th Cir. 2018). However, courts have also found that the mere presence of footprints or marks, standing alone, may not constitute competent evidence tending to show the length of time that a substance has been on the floor. *See Calvache v. Jackson Memorial Hosp.*, 588 So. 2d 28, 29 (Fla. 3d DCA 1991) (affirming summary judgment

---

[7] Building on more speculation, Plaintiffs further contend that Mr. Johnson could not have reasonably inspected the floor because approximately twenty-seven seconds before he traversed the area the video shows a man who *appears* to "look down to notice a substance on the floor." Resp. at 8. There is no information regarding the identity of this customer, and he has not provided any deposition testimony or a written declaration in this matter. Nevertheless, Plaintiffs ask this Court to treat their speculative arguments as evidence and improperly stack inferences in order to reach the conclusion that there was liquid on the floor prior to Mr. Johnson's inspection because a customer appears to look down at the floor—and that Mr. Johnson missed the liquid because he did not "turn" his head in that direction. For starters, the customer could have looked down for any number of reasons. And contrary to Plaintiffs' suggestions, there is no record evidence that the customer saw any substance on the floor. Plaintiffs are thus left with a "guess or mere possibility," which is insufficient to defeat summary judgment. *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1982); *see also Feinman v. Target Corp.*, No. 11-62480, 2012 WL 6061745, at *6 n.4 (S.D. Fla. Dec. 6, 2012) ([A]n inference is not reasonable if it is only a guess or a possibility for such an inference is not based on the evidence but is pure conjecture and speculation.") (quoting *Daniels*, 692 F.2d at 1324).

in favor of defendant where plaintiff alleged a shoe mark was present near the liquid causing her injury); *Rubiano v. Costco Wholesale Corp.*, No. 15-24291, 2016 WL 7540571, at *3 (S.D. Fla. Oct. 4, 2016) (granting summary judgment for defendant supermarket even though plaintiff testified that "skid marks," that had allegedly been present for over seventeen minutes, were in the liquid she slipped on).

In *Calvache*, the plaintiff slipped and fell in a hospital and claimed that there was a single shoe mark present in a puddle about a foot away from where he fell. 588 So. 2d at 29. With regard to the issue of constructive notice, the Third District Court of Appeal held as follows:

> [W]e are not persuaded by the claim that a shoe mark in some clear liquid discovered about a foot away from where the plaintiff slipped and fell raises a triable issue as to whether the liquid on which the plaintiff slipped and fell was there for [a] sufficient length of time to give the defendant constructive notice of its presence.

*Id.* Similarly, in *Rubiano*, the plaintiff alleged she slipped and fell on an unknown slippery substance in a Costco store. 2016 WL 7540571 at *1. In opposing Costco's motion for summary judgment, the plaintiff contended that a genuine factual dispute existed because plaintiff "saw at least one big mark in the middle of the liquid" after her fall. *Id.* at *3. The *Rubiano* court did not find plaintiff's testimony regarding the skid mark to be determinative and concluded that "no reasonable jury could find that defendant had constructive knowledge of the unknown spilled substance that caused plaintiff's injury." *Id.* (citing *Hammonds v. Fulton Cty.*, 628 F. App'x 716, 717 (11th Cir. 2016) ("Mere conclusions and factual allegations unsupported by evidence are insufficient to survive a motion for summary judgment.") and *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("Speculation does not create a genuine issue of fact; instead, it creates a false issue, the demolition of which is a primary goal of summary judgment")).

Here, like in *Rubiano*, the Court concludes that no reasonable jury could find Sam's East had constructive knowledge of the unidentified substance that caused Mrs. Hernandez's fall. First, there is no evidence of the length of time that the liquid was on the floor. While Plaintiffs argue that the evidence shows there were "footprints of people who had passed by, and also cart wheels" in the substance that caused Mrs. Hernandez to fall, Resp. at 7-8, the record actually contains uncontroverted evidence that Mrs. Hernandez: (1) did not see the liquid on the floor before she fell, Hernandez Depo. at 80:5-11, 80:25-81:3; (2) admitted that she did not "know if the [footprints/marks] were there before [she] fell", *id.* at 90:5-7; and (3) had no idea whether the prints or marks she observed after her fall were caused to be there before or after the liquid was spilled on the floor, *see e.g. id.* 90:14-23. Second, Mrs. Hernandez explained that the liquid that caused her to fall was in the shape of a puddle, as opposed to a trail, and the marks she observed after she fell were not *in* the puddle but rather they were "located in the area of [the puddle]." *Id.* at 88:6-16. Third, the CCTV footage does not actually show any marks or tracks on the floor, nor does it show any liquid on the floor—and it is undisputed that no Walmart employee knew about the spill before Mrs. Hernandez fell.[8]

---

[8] To be clear, the Court is mindful that evidence of footprints or marks can defeat summary judgment. *See, e.g., Cisneros v. Costco Wholesale Corp.*, 754 So. 2d 819, 821 (Fla. 3d DCA 2000); *Altman v. Publix Supermarkets, Inc.*, 579 So. 2d 351, 352 (Fla. 3d DCA 1991); *Garcia v. Target Corp.*, No. 13-60308, 2014 WL 505151, at *3 (S.D. Fla. Feb. 7, 2014). However, this case is distinguishable from those in which markings have created an issue of material fact regarding constructive notice. Here, Sam's East has provided *direct evidence* of the length of time the substance was on the floor and thus there is no need to rely on circumstantial evidence of "signs of age" to determine whether Sam's East should have known about it and removed it from the floor. Additionally, there is no proof that the substance caused the marks Mrs. Hernandez says she saw—or even whether the spill and prints were caused only seconds or moments before Mrs. Hernandez's fall by other patrons immediately ahead of her in the produce area. At bottom, the Court finds the mere presence of prints or marks near the spill, on their own, is not enough to imply constructive notice on the part of Sam's East—especially in light of the direct evidence establishing the length of time the substance was on the floor.

Despite Plaintiffs' representations, the allegations regarding the footprints and cart tracks form nothing but a "scintilla" of evidence and the Court will not infer constructive notice and deny summary judgment based on said "evidence." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) ("A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."). Doing as Plaintiffs ask would require this Court to "impermissibly pil[e] inferences upon inferences" to distort the record. *Feinman*, 2012 WL 6061745 at *6 n.4; *Daniels*, 692 F.2d at 1326 ("Yet a jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility."); *see also Wilson-Greene v. City of Miami*, 208 So. 3d 1271, 1275 (Fla. 3d DCA 2017) ("[I]f a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.") (citation omitted). Accordingly, this Court rejects Plaintiffs' unsubstantiated argument that the footprints or cart marks near the unidentified substance indicate the spill was on the floor for a long period of time.

Ultimately, Plaintiffs have failed to present any evidence, either direct or circumstantial, that would give rise to an inference that a foreign substance was on the floor long enough to charge Sam's East with constructive knowledge of its presence. Plaintiffs have therefore failed to meet their burden and this Court cannot submit the question of negligence to the jury. *See Evens v. Eastern Air Lines, Inc.*, 468 So. 2d 1111, 1112 (Fla. 1st DCA 1985) ("[B]ecause the record is completely devoid of any evidence, either direct or circumstantial, directed to Eastern's notice of the dangerous condition, no negligence was shown and summary judgment was proper."). While it is undisputed that Mrs. Hernandez slipped on a substance present on the floor of Sam's East's

store, the law does not make a store responsible for every person who gets hurt while shopping. "To hold a store responsible, the person must be able to prove that she was injured because the store failed to do something that a reasonable store would have done." *Valles v. Target Corp.*, No. 14-60723, 2015 WL 1640326, at *3 (S.D. Fla. Apr. 9, 2015). In this case, there is simply no evidence that Sam's East failed to do something that a reasonable store would have done.

### C. Plaintiffs Had an Adequate Opportunity to Conduct Discovery

It is well-established in the Eleventh Circuit that district courts are "not required to await the completion of discovery before ruling on a motion for summary judgment." *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990); *Reflectone, Inc. v. Ferrand Optical Co., Inc.*, 862 F.2d 841, 843-44 (11th Cir. 1989). If a party needs further discovery to respond to a motion for summary judgment, Rule 56(d) directs that party to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). If the party makes this showing, the court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or to take discovery; or (3) issue any other appropriate order." *Id*.

Plaintiffs' argument that summary judgment must be denied because discovery was still ongoing when the Motion was filed is unavailing. Sam's East filed its Motion pursuant to, and in compliance with, the Court's January 29, 2021 dispositive motions deadline. *See* Order [ECF No. 23]. On February 9th, the Court entered an Order extending the discovery deadline to March 31, 2021. *See* Order [ECF No. 36]. Plaintiffs argue that summary judgment is not proper because their current counsel did not have an adequate opportunity to conduct discovery in this case prior to briefing their opposition to Sam's East's Motion. But as elaborated in Sam's East's Reply, the record reveals that Plaintiffs' counsel has not been diligent in seeking discovery despite having

ample opportunity to do so. And in any event, Plaintiffs did not file an affidavit or declaration pursuant to Rule 56(d); rather, they filed a substantive response to the Motion. Therefore, Plaintiffs have waived any objection to the Court ruling on the Motion based on a lack of sufficient discovery. *Burns v. Town of Palm Beach*, 343 F. Supp. 3d 1258, 1261-62 (S.D. Fla. 2018) (citations omitted).

## CONCLUSION

A careful review of the record in this case establishes the absence of any circumstantial evidence that Sam's East knew or should have known of the substance on its floor on the date Mrs. Hernandez fell. Therefore, there is no genuine issue of material fact regarding actual or constructive knowledge and summary judgment is warranted. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion [ECF No. 28] is **GRANTED**.

2. Final Judgment will be entered by separate Order.

3. All pending motions are **DENIED as moot**.

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 26th day of April, 2021.

                      **RODOLFO A. RUIZ II**
                      **UNITED STATES DISTRICT JUDGE**

cc: counsel of record