UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-61648-RUIZ/STRAUSS

BRENDA HERNANDEZ, *et al.*,

      Plaintiffs,

v.

SAMS EAST, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Defendant Sam's East, Inc.'s Verified Memorandum in Support of Its Bill of Costs ("Defendant's Motion") [DE 61], filed on May 27, 2021.  Defendant's Motion has been referred to me to take all necessary and proper action as required by law [DE 77].  I have reviewed the Motion, the documents attached thereto, Plaintiffs' response and incorporated motion to strike ("Plaintiffs' Motion to Strike") [DE 64], Defendant's reply [DE 66], and the record.  For the reasons discussed herein, I respectfully **RECOMMEND** that Defendant's Motion be **GRANTED** and that Plaintiffs' Motion to Strike be **DENIED**.

## LEGAL STANDARD

"Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs . . . should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  "[T]here is a strong presumption that the prevailing party will be awarded costs" under Rule 54.  *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (quoting *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)).  While a trial court has some discretion in deciding whether to award costs, such discretion is not unlimited.  *Id.*  A decision to deny full costs must be

supported by a sound reason.  *Id.* (citing *Chapman v. AI Transport*, 229 F. 3d 1012, 1039 (11th Cir. 2000)).

Nevertheless, the presumption favoring an award of costs generally applies to only those costs that are taxable under 28 U.S.C. § 1920.  *Id.* (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)).  In other words, a court's discretion to award costs under Rule 54 is limited by the categories of taxable costs specified in § 1920.  *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Servs. Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)).  Section 1920 specifically permits the taxation of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

## ANALYSIS

On April 26, 2021, the Court entered the Order Granting Defendant's Motion for Summary Judgment [DE 57].  Consequently, on April 27, 2021, the Court entered Final Judgment [DE 58] in favor of Defendant.  Therefore, Defendant is clearly the prevailing party in this case, and, as a result, it is entitled to an award of taxable costs.

Nonetheless, prior to addressing the reasonableness of the costs sought, Plaintiffs argue that Defendant's Motion should be stricken, contending that it was filed 31 days after the entry of judgment. If Plaintiffs are correct about the timing, then Defendant's Motion would be untimely given that Local Rule 7.3(c) provides that "[a] bill of costs pursuant to 28 U.S.C. § 1920 shall be filed and served within thirty (30) days of entry of final judgment or other appealable order that gives rise to a right to tax costs under the circumstances listed in 28 U.S.C. § 1920." But Plaintiffs are incorrect. That is because they incorrectly state that the Final Judgment [DE 58] was entered on April 26, 2021. However, while the Final Judgment was signed on April 26, 2021, it was not entered on the docket until April 27, 2021. *See* [DE 58, 66-1] (reflecting date of entry); Fed. R. Civ. P. 58(c) (providing that judgment cannot be considered "entered" until it is, at a minimum, "entered in the civil docket"). Thus, Defendant timely filed Defendant's Motion, as it did so within 30 days of entry of judgment. Therefore, Plaintiffs' Motion to Strike should be denied.

As to the specific taxable costs sought, Defendant asserts that it is entitled to recover the following:

| Description | Amount |
|---|---|
| Filing Fee (for removal) | $400.00 |
| Service of Subpoenas | $925.00 |
| Deposition Transcripts/Court Reporter | $3,882.00 |
| Copying Costs | $205.55 |
| Interpreter Costs | $1,240.00 |
| **Total** | **$6,652.55** |

Aside from certain deposition transcript costs, Plaintiffs do not contest the reasonableness of the costs sought or contend that such costs are not taxable. Regardless, I find that the filing fee is reasonable and that it is taxable under § 1920(1). The subpoena service expenses, which are

each individually $65 or less, are also reasonable and taxable under § 1920(1).[1]  The copying costs are reasonable and taxable under § 1920(4) – Plaintiffs do not dispute Defendant's contention that the copies were necessarily obtained for use in the case.  Additionally, the interpreter costs are reasonable and taxable under § 1920(6).  Therefore, these costs, which have not specifically been contested, should be awarded.

With respect to the deposition transcript and court reporter costs of $3,882, I recommend that they be awarded.  The taxing of costs is permitted for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Thus, deposition transcript costs are taxable if the transcripts were "necessarily obtained for use in the case."  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000).  *See also Pronman v. Styles*, No. 12-80674-CIV, 2015 WL 6913391 (S.D. Fla. Nov. 10, 2015).  Court reporter attendance fees are also taxable under § 1920(2).  *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).

To satisfy the necessarily obtained requirement – in order to recover transcript and court reporter appearance expenses – a deposition must only appear to have been reasonably necessary when it was taken.  *See W&O*, 213 F.3d at 620-22; *Savino v. Federated Law Grp., PLLC*, No. 18-60956-CIV, 2019 WL 2008901, at *1 (S.D. Fla. Mar. 28, 2019); *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1292 (S.D. Fla. 2015); *Pronman*, 2015 WL 6913391.  Moreover, the party challenging the cost has the burden of demonstrating that the specific deposition "was not necessary for use in

---

[1] Section 1920(1) permits the taxing of "[f]ees of the clerk and marshal."  This includes fees for serving subpoenas including subpoenas served by private process servers.  *See* 28 U.S.C. § 1921; *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 623-24 (11th Cir. 2000).  However, the subpoena service fee charged by a private process server may not exceed the amount charged by the U.S. Marshal.  *See W&O*, 213 F.3d at 624.  The Marshal charges $65 per hour for each item served.  28 C.F.R. § 0.114(a)(3).

the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Pronman*, 2015 WL 6913391 (quoting *George v. Fla. Dep't of Corr.*, No. 07–80019–CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008)). *See also W&O*, 213 F.3d at 621.

Here, Plaintiffs object to an award of the transcript costs for the depositions of Niketa Harrison ($546.10), Zeccarias Keys ($662.35), and Samuel Johnson ($406.30),[2] but they do not object to the other transcript and court reporter expenses. Plaintiffs contend that the transcripts for the three depositions were not necessarily obtained for use in the case because Defendant filed its motion for summary judgment before the three depositions were taken and because the Court granted Defendant's motion for summary judgment without consideration of the three depositions.[3] Defendant, however, contends that it ordered the transcripts in order to determine whether it should supplement its motion for summary judgment with additional evidence from the depositions, to assist with preparing for trial, and for potential use at trial.

I recommend that the costs for the three transcripts be awarded (in addition to the other uncontested transcript and courts reporter costs) because Plaintiffs have failed to satisfy their burden of showing that the depositions were unnecessary or unrelated to issues in this case when the depositions were taken. Simply because the transcripts were not used in connection with the summary judgment motion does not mean that they were not necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 996-97 (11th Cir. 2012) ("Although use of a deposition at trial or in a summary judgment motion tends to show that the deposition was necessarily obtained for use in a case, such a showing is not necessary to be taxable. Thus, even

---

[2] Plaintiffs indicate that the cost of Mr. Johnson's transcript was $633.85. However, $227.55 of that amount applies to another deponent, Dieuvela Aristide. The transcript expenses for both deponents were included in the same invoice. *See* [DE 61-2] at 33.

[3] The discovery and dispositive motion deadlines were extended, at Plaintiffs' request, after Defendant filed its motion for summary judgment.

where a deposition is not ultimately used as part of a prevailing party's case, we have held that the costs of the deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." (citing *W&O*, 213 F.3d at 621-22)). Interestingly, Plaintiffs note in their response that they previously argued that the Court should consider testimony from the three depositions in connection with considering the motion for summary judgment. Thus, Plaintiffs imply that the depositions were related to issues in this case. Regardless, ultimately, notwithstanding Plaintiffs' burden, Plaintiffs have failed to specifically explain why each of the three depositions were unrelated to any issue in this case or otherwise unnecessary. In fact, Plaintiffs do not even provide any background regarding the deponents or the substance of their testimony. Thus, they have failed to provide information to allow the Court to conclude that the depositions were not necessarily obtained for use in the case. Therefore, the deposition expenses should be awarded.

## CONCLUSION

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT** Defendant's Motion [DE 61], award Defendant taxable costs in the amount of **$6,652.55**, plus interest (from April 27, 2021),[4] and **DENY** Plaintiffs' Motion to Strike [DE 64].

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained

---

[4] *See Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988) ("[W]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").

in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28

U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790,

794 (11th Cir. 1989); 11th Cir. R. 3-1.

     **DONE AND SUBMITTED** in Fort Lauderdale, Florida this 13th day of August 2021.

**Jared M. Strauss**
**United States Magistrate Judge**