## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 20-CV-61648-RUIZ/STRAUSS

**BRENDA HERNANDEZ,** *et al.***,**

      Plaintiffs,

v.

**SAMS EAST, INC.,**

      Defendant.

_____/

### REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Sam's East, Inc.'s Verified Motion to Tax Attorneys' Fees and Costs ("Motion") [DE 68], filed on June 25, 2021.  The Motion has been referred to me to take all necessary and proper action as required by law [DE 77].  I have reviewed the Motion and all attachments thereto, as well as the record in this case.  No response to the Motion has been filed, and the time to file a response has passed (on July 9, 2021).  For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 68] be **GRANTED IN PART and DENIED IN PART**.

### BACKGROUND

Plaintiffs commenced this slip-and-fall action in state court on June 19, 2020, with Plaintiff Brenda Hernandez asserting a negligence claim and her husband, Plaintiff Luis Luque, asserting a loss of consortium claim.  The case was subsequently removed to this Court.  On April 26, 2021, the Court entered the Order Granting Defendant's Motion for Summary Judgment [DE 57], determining that Defendant is not liable in this action.  Consequently, on April 27, 2021, the Court entered Final Judgment [DE 58] in favor of Defendant.

Pursuant to the Motion, Defendant seeks to recover attorneys' fees and non-taxable costs (i.e., those that are not taxable under 28 U.S.C. § 1920)[1] based upon offers of judgment [DE 68-1, 68-2] that it served on Plaintiffs on February 4, 2021.  The offer of judgment directed to Plaintiff Brenda Hernandez [DE 68-1] was for $190,000.  The offer of judgment directed to Plaintiff Luis Luque [DE 68-2] was for $10,000.  In accordance with § 768.79 of the Florida Statutes (Florida's offer-of-judgment statute), Plaintiffs were afforded 30 days to accept their respective offers of judgment.  Neither Plaintiff accepted.

## ANALYSIS

### I.   ENTITLEMENT

Defendant is entitled to an award of reasonable attorneys' fees and costs (since February 4, 2021) against Plaintiffs under Florida's offer-of-judgment statute.  Section 768.79 is substantive and therefore applies in this diversity action.  *B & D Nutritional Ingredients, Inc. v. Unique Bio Ingredients, LLC*, 855 F. App'x 503, 506-07 (11th Cir. 2021) (citing *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1258 (11th Cir. 2011)).  In civil actions for damages, the statute provides that "if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees . . . from the date of filing of the offer if the judgment is one of no liability . . . ."  § 768.79(1), Fla. Stat.  *See also B & D Nutritional Ingredients*, 855 F. App'x at 506 ("Florida's offer-of-judgment statute, § 768.79, permits an award of reasonable attorney's fees where, among other scenarios, 'a plaintiff refuses to accept an offer of judgment from the defendant and the ensuing judgment is one of no liability on the part of the defendant.'" (citations omitted)).

---

[1] Defendant sought taxable costs by separate motion [DE 61].  That motion has been addressed in a separate Report and Recommendation [DE 78].

Here, the Final Judgment [DE 58] is one of no liability, and the offers of judgment appear to have been made in good faith. Moreover, Plaintiffs have not filed any response claiming that the offers of judgment failed to comply with § 768.79 or that they are otherwise invalid. Therefore, I find that Defendant is entitled to recover its reasonable attorneys' fees and costs, since February 4, 2021 (the date the offers of judgment were served), under Florida's offer-of-judgment statute.

## II.   REASONABLE ATTORNEYS' FEES

I find that $14,326 of the requested $14,761 in attorneys' fees is reasonable. When determining the reasonableness of attorneys' fees, courts begin by multiplying a reasonable hourly rate by the number of hours reasonably expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The result of that calculation is known as the lodestar, s*ee id.* at 1301-02, which is "strongly presumed to be reasonable." *Martinez v. Hernando Cnty. Sheriff's Office*, 579 F. App'x 710, 715 (11th Cir. 2014) (citations omitted).

The party seeking an award of fees has the burden of documenting the hours incurred and the applicable hourly rates. *Norman*, 836 F.2d at 1303 (citing *Hensley*, 461 U.S. at 437). Fee applicants are required to exercise billing judgment and to exclude entries that are excessive, redundant, or otherwise unnecessary. *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (citing *Hensley*, 461 U.S. at 434). Entries for clerical or administrative tasks should also be excluded. *See Ortega v. Berryhill*, No. 16-24697-CIV, 2017 WL 6026701, at *2 (S.D. Fla. Dec. 5, 2017) ("Purely clerical or secretarial tasks that require no legal skill or training, such as converting pleadings to PDF, faxing and mailing, updating lists and calendars, and filing or e-filing documents, should not be billed at a paralegal rate regardless of who performs them." (citing *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 553 (7th Cir. 1999))).

It is axiomatic that hours that are unreasonable to bill to one's client are unreasonable to bill to an adversary, "*irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). If fee applicants fail to exercise billing judgment, courts must do it for them. *Id.* A court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (citations omitted).

Courts reviewing fee applications "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Consequently, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994)).

Here, the requested hourly rates are reasonable, and nearly all of the hours billed are reasonable. As to the hourly rates, Defendant seeks approval of a $185 hourly rate for attorney Suzette Russomanno, a partner who has practiced law for approximately 17 years. Defendant also seeks approval of a $145 hourly rate for attorney Patricia Concepcion, an associate who has practiced law for approximately 7 years. Both rates are below-market rates that are undoubtedly reasonable.

In terms of hours, Defendant asserts that Ms. Russomanno reasonably incurred 2.9 hours and that Ms. Concepcion reasonably incurred 98.1 hours. I have reviewed the billing records [DE 68-4] and all other attachments submitted along with the Motion. I agree that the 2.9 hours

4

incurred by Ms. Russomanno are reasonable.  As to the 98.1 hours incurred by Ms. Concepcion, the substantial majority of the hours are reasonable.  However, I find that 3 hours should be deducted, reducing the total hours for Ms. Concepcion to 95.1 hours.  That is because there are multiple time entries in which Ms. Concepcion billed for reviewing the same items such as pleadings (generally), CCTV footage, and several other items.  While it is sometimes necessary to review items multiple times during the course of a case in conjunction with different case activities, the number of hours dedicated to these tasks during the less than 3-month period represented in the billing records is somewhat excessive.  Under the circumstances, a reduction of 3 hours is reasonable.

Consequently, the lodestar figure for this matter is $14,326.  This includes $536.50 for Ms. Russomanno (2.9 hours * $185) and $13,789.50 for Ms. Concepcion (95.1 hours * $145).  I find the lodestar amount of $14,326 to be reasonable.

## III.    REASONABLE COSTS

The costs Defendant is entitled to under Florida's offer-of-judgment statute are "reasonable costs, including investigative expenses, and attorney's fees, calculated in accordance with the guidelines [the "Guidelines"] promulgated by the Supreme Court, incurred from the date the offer was served."  § 768.79(6)(a), Fla. Stat.  In the Motion, Defendant requests an award of $8,380 in costs.  Specifically, it seeks $415 that it paid to a mediator for court-ordered mediation [DE 68-6], and it seeks $7,965 in expert costs [DE 68-5], which were paid to Dr. Elliot Lang, an orthopedist retained to serve as Defendant's expert at trial.  Dr. Lang prepared expert reports in this matter and conducted a compulsory medical examination of Plaintiff Brenda Hernandez.

The Guidelines, which are contained in Appendix II to the Florida Rules of Civil Procedure, note that they "are advisory only" and that "[t]he taxation of costs in any particular

proceeding is within the broad discretion of the trial court."  Nonetheless, they indicate various litigation costs that "should" be taxed, others that "may" be taxed, and others that "should not" be taxed.  The mediation expense sought falls in the "may" category.  As to the expert costs, the "should" category provides for a "reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report."  However, the "should not" category applies to expenses related to consulting but non-testifying experts.  Although, this matter was resolved on summary judgment, Dr. Lang was nevertheless retained to testify at trial.  Moreover, he prepared expert reports and conducted a medical examination pursuant to Court order [DE 17].  Therefore, I find that reasonable expenses related to Dr. Lang should be recovered.

While the costs Defendant seeks to recover fall in the "may" and "should" categories of the Guidelines, there is one obstacle that, unfortunately for Defendant, prevents it from recovering the majority of the costs sought.  That is, almost all of the costs were incurred prior to the date of the offers of judgment.  The mediation expense [DE 68-6] was incurred on October 30, 2020, and all but $1,745 of the amount billed by Dr. Lang [DE 68-5] was incurred prior to the date of the offers of judgment.  Although Plaintiffs failed to respond to the Motion, I cannot recommend that the Court award costs that are clearly not awardable under Florida's offer-of-judgment statute, which limits costs to those incurred after an offer of judgment is served.  *See Trice v. Target Corp.*, No. 8:20-CV-891-T-24 AAS, 2021 WL 1293560, at *1 n.1 (M.D. Fla. Apr. 7, 2021).  Therefore, I recommend that the Court award $1,745 in costs.

## **CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **GRANT IN PART and DENY IN PART** the Motion [DE 68], and award Defendant attorneys'

fees in the amount of **$14,326.00** and non-taxable costs in the amount of **$1,745.00**, for a total award of **$16,071.00.**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Rodolfo A. Ruiz, II, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 5th day of September 2021.

**Jared M. Strauss**
**United States Magistrate Judge**